```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                   JACKSON DIVISION
```

**MICHAEL D. McGEE**                                               **PETITIONER**

**VS.**                                            **CRIMINAL NO. 3:96cr48-WHB**

**UNITED STATES OF AMERICA**                                       **RESPONDENT**

### OPINION AND ORDER

On April 27, 1999, Petitioner Michael McGee ("McGee") filed a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255. On September 30, 1999, the Court entered an Opinion and Order denying the Motion to Vacate, and entered Final Judgment dismissing Petitioner's case with prejudice. Petitioner's appeal of the Opinion and Order of this Court was denied by the United States Court of Appeals for the Fifth Circuit on July 26, 2000.

On February 22, 2007, Petitioner filed a pleading titled "Motion for Rule 60(b)(6) Relief." Through this motion, Petitioner argues that the Court imposed, and that he is currently serving, an illegal sentence. The alleged "illegality" resulted because the Court considered two prior convictions that Petitioner argues should not have been considered as they did not constitute "controlled substance offenses" for federal sentencing purposes.

The Court finds that Petitioner's "Motion for Rule 60(b)(6) Relief" is nothing more than a successive attempt to seek post-conviction relief pursuant to 28 U.S.C. § 2255. See e.g. United

States v. Rich, 141 F.3d 550, 553 (5th Cir. 1998) (finding that a district court should not allow pleading practices to "circumvent [the] restraints on successive habeas petitions."). In order to file a second 28 U.S.C. § 2255 motion, the "motion must be certified" by a United States Court of Appeals. 28 U.S.C. § 2255. Therefore, "[b]efore a second or successive application ... is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Id. As Petitioner has not complied with these necessary requirements, the Court finds that his successive Petition for relief pursuant to 28 U.S.C. § 2255 must be dismissed.[1] See United States v. Sellers, 247 F.3d 241, 241 (5th Cir. 2001) ("Because a successive § 2255 motion requires certification from this court prior to filing in the district court, the district court lacked jurisdiction to consider" the petitioner's motion even though it was styled as a motion to reconsider). See also Rich, 141 F.3d at 553.

    IT IS THEREFORE ORDERED that Petitioner's Motion for Rule 60(b)(6) Relief [Docket No. 96] is hereby denied.

    SO ORDERED this the 2nd day of March, 2007.

                                                      s/ William H. Barbour, Jr.
                                                      UNITED STATES DISTRICT JUDGE

---

[1] On April 9, 2001, Petitioner's request for leave to file a successive 2255 Motion was denied by the Fifth Circuit.